## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| VIRGINIA THICKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| UNUM LIFE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. Plaintiff, VIRGINIA THICKLIN, [hereinafter referred to as "Plaintiff"], is over the age of nineteen (19) years and is a resident of Alabama. The Plaintiff was previously employed by Hyundia Mobis and eligible for group benefits while employed in Alabama.

2. Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA [hereinafter referred to as "Unum"], is an ERISA fiduciary and/or plan administrator providing benefits for the Plaintiff in the State of Alabama and otherwise doing business in this federal district.

## FACTUAL ALLEGATIONS

3. Defendant Unum issued a long term disability insurance policy to Plaintiff's Employer for the benefit of the Plaintiff in consideration of the premiums provided by or on behalf of the Plaintiff through a group disability insurance plan for employees of Hyundia Mobis.

4. Defendant Unum also issued a life insurance policy with a disability waiver of premium benefits for the Plaintiff.

5. The plan benefits issued by Unum provide coverage to the Plaintiff for loss of income as a result of disability and for payment of her life insurance premiums for a disability.

6. Benefits pursuant to the disability plan and insurance contracts were available to Plaintiff at all times relevant to this Complaint.

7. Prior to October 15, 2020, Defendant was employed by Hyundia Mobis.

8. Plaintiff suffers from total disability and is not able to work full time.

9. Plaintiff filed a claim for benefits under her employer's benefit plan for short term disability benefits, long term disability insurance benefits and waiver of premium for her life insurance. Plaintiff submitted a signed medical release authorization to Defendant for her disability claim.

10. Defendant initially approved and paid Plaintiff's disability insurance benefits through March 24, 2022.

11. On or about March 23, 2022, Defendant Unum sent a letter terminating Plaintiff's disability insurance benefits.

12. On March 30, 2022, Hyundia Mobis sent a letter to Plaintiff confirming that Plaintiff's doctor had not released her to return to work. Hyundia Mobis denied Plaintiff's request to return to work because of her doctor's restriction.

13. On April 6, 2022, Plaintiff timely notified Unum of her demand for an Administrative Appeal.

14. On May 18, 2022, Plaintiff submitted to Unum a copy of the letter from Hyundia Mobis regarding Plaintiff's doctor restriction and her eligibility for long-term disability benefits.

15. On April 30, 2022, Defendant Unum sent a letter stating it had submitted Plaintiff's claim file for review to its "clinical consultant".

16. On June 14, 2022, Defendant denied Plaintiff's Appeal for disability insurance benefits and denied her waiver of premium benefits. Plaintiff's disability diagnosis had not

changed and she had not been cured of her medical condition.

17. Plaintiff has exhausted her administrative remedies pursuant to the terms of the disability plan.

18. Plaintiff alleges that at the time the disability claims were filed with Defendant, the Plaintiff was a beneficiary and as an insured under the insurance policies. Plaintiff submitted a medical release authorization and filed the proper claim forms and all other forms necessary for payment under the disability policy. At all times subsequent to March 23, 2022, Plaintiff has been entitled to disability benefits.

## COUNT I
## VIOLATIONS OF THE EMPLOYEE
## RETIREMENT INCOME SECURITY ACT

19. Plaintiff adopts and incorporates paragraphs one through 19 as if fully stated herein.

20. Defendant Unum had a duty to pay benefits under the disability insurance coverage as set forth in the Employee Retirement Income Security Act of 1974 (ERISA).

21. Defendant Unum failed to pay the Plaintiff benefits under the terms of the disability insurance plan and the waiver of premium for continuation of life insurance benefits.

22. Defendant Unum is an insurance company that pays claims from its own assets.

23. Upon information and belief, Defendant Unum has a conflict of interest in paying claims and reducing its own assets.

24. Unum has previously acknowledged in a regulatory settlement that it unfairly evaluated and interpreted attending physician reports, and agreed to a Plan of Corrective Action to help claims by its insureds.

25. Defendant Unum is an ERISA fiduciary and/or carries out fiduciary

responsibilities for Plaintiff's disability benefits.

26. Defendant Unum violated the provisions of ERISA, including but not limited to 29 U.S.C. §1001, et seq. and terminated Plaintiff's disability benefits.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests judgment against the Defendant Unum as follows:

(A) payment of disability benefits under the short term and long term disability plan pursuant to ERISA § 502;

(B) enforce "make whole" relief for the Plaintiff pursuant to ERISA § 502;

(C) reasonable costs;

(D) interest;

(E) attorney's fees; and

(F) such other relief as the Court may deem just and proper.

Respectfully submitted,

Jeff S. Daniel (DAN034)
LAW OFFICE OF JEFF DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama  35213
Telephone:   (205) 531-1287
Facsimile:    (205) 327-5773

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL**

Defendant's Address:

UNUM Life Insurance Company of America
c/o Corporation Service Company, Inc.
641 S. Lawrence St.
Montgomery, AL  36104